**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICKEY REA ROWLETT, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. SA-15-CA-00978-XR |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § § | |
| *Respondent*. | | |

**ORDER**

On this date, the Court considered Petitioner Rickey Rea Rowlett's application for Writ of Habeas Corpus (document no. 1), Magistrate Judge John W. Primomo's Memorandum and Recommendation (docket no. 14), and Rowlett's Response (docket no. 19). Rowlett filed an application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court for continuous sexual abuse of a child (docket no. 1). Rowlett alleges a violation of his constitutional rights because (1) he was compelled to give incriminating statements in violation of the Fifth Amendment; (2) the trial judge did not recuse himself from the case; (3) the trial court abused its discretion in both admitting and refusing to admit key evidence; and (4) he received ineffective assistance of counsel in violation of the Sixth Amendment (docket no. 2). After careful consideration, the Court will accept the Magistrate Judge's recommendation to deny Rowlett's Petition for Writ of Habeas Corpus (docket no. 1). Additionally, the Court will deny a certificate of appealability in this case.

1

**BACKGROUND**

Petitioner Rickey Rea Rowlett ("Rowlett") was convicted by a jury for continuous sexual abuse of child. *Rowlett v. State*, No. 03-12-00204-CR, 2014 WL 1910426 at *1 (Tex. App.—Austin May 8, 2014, pet ref'd) (mem. op.). The Third Court of Appeals affirmed Rowlett's conviction on appeal. *Id*. at *5. Rowlett's petition for discretionary review was refused by the Texas Court of Criminal Appeals. CCA Electronic Record, no. 716-14. Rowlett filed a state habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied the application on September 23, 2015 without a written order based upon the findings of the trial court, cause no. WR-83,854-01. Rowlett subsequently filed this federal habeas application pursuant to 28 U.S.C. § 2254.

The facts supporting Rowlett's conviction were summarized by the court of appeals as follows:

> R.R. was born in October 2001 to F.R., who is [Rowlett's] daughter. In July 2007, R.R. and her younger brother moved with their mother into [Rowlett's] home. By May 2008, [Rowlett] and his wife were the children's primary caregivers because F.R. was having some personal issues. R.R. began therapy with Tara Kvanvig–Garza in July 2009 for adjustment disorder, anxiety, and sadness. After a while, R.R. stopped going to therapy, but then resumed in July 2011 when she began to feel unsafe and have nightmares. [Rowlett] and his wife adopted R.R. in June 2010.
> Evidence supporting the verdict came primarily from R.R., her therapist, a sexual-assault nurse examiner, and a New Braunfels police officer.
>> • R.R. testified that [Rowlett] touched her private areas—her chest and where she goes to the bathroom—with his fingers. She testified that it happened more than once, beginning when she was seven, eight, or nine—she was not sure exactly—and ending in July 2011. She said he touched her with one hand and was touching his own area—where he goes to the bathroom-inside his underwear. R.R. said that no one other than [Rowlett] touched her that way.
>> • Therapist Kvanvig–Garza testified that R.R. told her that [Rowlett] began touching her when she was six years old and that he did so more than once. R.R. told Kvanvig–Garza that [Rowlett]

2

      touched her vaginal area, breasts, and buttocks inside and outside her clothing. R.R. told her that [Rowlett] used his fingers to go inside her private parts and attempted penetration by putting his penis between her legs. She testified that R.R. denied that [Rowlett] engaged in oral sex, but did say that he kissed her on her forehead and sometimes on her lips.
      • Nurse examiner Moira Foley examined R.R. on July 23, 2011, and testified that R.R. said her father ([Roweltt] had adopted R.R. by that point) touched her in her "girl parts"—her breasts, vagina, and buttocks. R.R. said he got into bed with her at 3:45 a.m. two days before the exam wearing only underwear, while she had on a t-shirt as a nightgown. She said he touched her with his hand, and that this had happened before.
      • New Braunfels police officer Darren Rutledge interviewed [Rowlett]. (The jury watched the video of [Rowlett's] interview.) [Rowlett] admitted having his hands in R.R.'s underwear, though he did not admit penetration with his fingers or penis. [Rowlett] said that his hands were far enough down that he could tell that she had no pubic hair. He denied doing anything to arouse or gratify anyone sexually. He said that R.R. was pushing his hands toward her anus. Rutledge testified that Kvanvig–Garza said she had no reports that R.R. had a tendency to pull [Rowlett's] hand toward any part of her body. Rutledge said he did not investigate [Rowlett's] suspicion that R.R. had been acting out with a neighbor boy or others at daycare.

    Kvanvig–Garza testified that R.R. lied on occasion. She mentioned R.R. telling people at school that Kvanvig–Garza was her mother or lying about classmates. Kvanvig–Garza testified that R.R.'s stories about appellant's abuse were consistent enough that she believed they were true.

*Rowlett*, 2014 WL 1910426 at \*2–3.

## DISCUSSION

A. <u>Review of a Memorandum and Recommendation</u>

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases,

3

the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Memorandum and Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. U. S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Rowlett objected to the Magistrate Judge's recommendation, so the Court will conduct a *de novo* review. Docket no. 19.

### B. Writ of Habeas Corpus Standard

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not obtain federal relief from a claim adjudicated on the merits in a state court proceeding unless the adjudicated claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### C. Analysis

Rowlett asserts the following grounds for reversal: (1) Rowlett's incriminating statement should have been suppressed, (2) the trial judge abused his discretion by excluding an adoption order from the record and permitting the jury to hear testimony from an expert witness regarding the victim's outcry because the trial judge based the decision to allow the expert's testimony in

part on the expert's assertion concerning the victim's truthfulness, (3) the trial judge failed to recuse himself because he was a "material witness", and (4) Rowlett's counsel was ineffective because he (a) failed to move for the trial judge's recusal, (b) elicited testimony from an expert witness regarding the victim's truthfulness, when no reasonable attorney would have do so, and (c) failed to represent Rowlett at a bond hearing (docket no. 2).

Judge Primomo recommends the Court deny Rowlett's § 2254 habeas petition and deny a certificate of appealability (docket no. 14 at 15). Rowlett has filed objections to Judge Primomo's Memorandum and Recommendation (docket no. 19).

*1. Statement to the Police*

In *Miranda v. Arizona*, the Supreme Court determined that the Fifth Amendment's protection against self-incrimination requires an accused to be "adequately and effectively apprised of his rights." 384 U.S. 436, 467 (1966). Custody under *Miranda* is determined by ascertaining whether, in light of the "objective circumstances of the interrogation . . . a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 132 S. Ct. 1181, 1189 (2012) (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)) (internal quotation marks omitted). "Two discrete [inquiries] are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave." *United States v. Cavazos*, 668 F.3d 190, 193 (5th Cir. 2012) (quoting *J.D.B. v. North Carolina*, 564 U.S. 261, 270 (2011)). This is an objective inquiry based upon the totality of the circumstances. *United States v. Wright*, 777 F.3d 769, 774 (5th Cir. 2015). "Relevant factors include the location of the questioning, its duration, statements

made during the interview, the presence or absence of physical restraints during the questioning, and the release of the interviewee at the end of the questioning." *Howes*, 132 S. Ct. at 1189 (citations omitted).

The Magistrate Judge determined that the interrogation did not rise to the level of a custodial interrogation. Judge Primomo concluded that Rowlett failed to provide sufficient information demonstrating a reasonable person would not have felt free to end the interrogation and leave the premises (docket no. 14 at 7). Further, Rowlett failed to cite any authority supporting his belief that the interrogation became custodial when he made his first incriminating statement. *Id*. Rowlett objects, arguing that although the interrogation was not initially custodial, it became so due to the officer's tactics, the fact that an officer accompanied him on a cigarette break, and Rowlett's making incriminating statements. Rowlett specifically points to the officer's tactic of blaming the victim to elicit the incriminating statements, the duration of the questioning, and Rowlett's own belief that his freedom of movement was severely restricted because he was accompanied by an officer during a cigarette break, as evidence of custodial interrogation. *Id*.; (docket no. 19 at 2–3). Because Rowlett had no prior criminal experience or dealings with law enforcement personnel, he claims these factors objectively demonstrate custodial interrogation, and admitting his statements at trial was reversible error (docket no. 2; docket no. 19 at 3).

The Court disagrees. Whether a person is in custody is determined by weighing the factors objectively. "The subjective views harbored by either the interrogating officers or the person being questioned are irrelevant." *United States v. Ortiz*, 781 F.3d 221, 229 (5th Cir. 2015) (quoting *United States v. Wright*, 777 F.3d 769, 775 (5th Cir. 2015)). Rowlett concedes he

was informed of his right to leave before questioning began (docket no. 2). Further, Rowlett left the police station after the interrogation ended and was not arrested until almost one month later. Nothing in the record supports the conclusion that a reasonable person would have believed he was incapable of terminating the interrogation and leaving. Although a police officer accompanied Rowlett during a cigarette break, such conduct does not evidence the type of restraint that would lead a reasonable person to conclude he was not permitted to cease the interrogation. Accordingly, Rowlett's constitutional privilege against self-incrimination was not violated, and the state court's dismissal of Rowlett's complaint was not an unreasonable application of clearly established federal law.

### 2. *Trial Court's Abuse of Discretion*

Rowlett asserts that the trial judge abused his discretion on two grounds. He claims the trial court erred in considering Kvanvig-Garza's testimony that she believed R.R. was telling the truth regarding the sexual abuse because an expert's testimony on a witness's credibility invades the province of the jury (docket no. 2). Additionally, he claims the trial court erred by refusing to admit the adoption order into evidence because the order was both relevant and necessary to demonstrate that the timing of the sexual abuse was incongruent with the adoption proceeding. *Id.*; (docket no. 19).

In reviewing errors committed by a state court, "the Supreme Court held that a federal habeas court may not grant relief unless the petitioner demonstrates that the error 'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Billiot v. Puckett*, 135 F.3d 311, 318 (5th Cir. 1998) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). This standard is identical to harmless error and permits a federal court to grant relief

only when the petitioner can demonstrate actual prejudice. *Brecht*, 507 U.S. at 637-38. Further, the prejudice must be "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (quoting *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984)).

Rowlett alleges the state court committed error by admitting Kvanvig-Garza's testimony because the trial court considered her opinion regarding R.R.'s truthfulness when deciding the issue of admissibility (document no. 2). The Magistrate Judge observed that Rowlett identified specific testimony heard outside the presence of the jury when the trial court was considering the admissibility of Kvanvig-Garza's testimony (document no. 14 at 10). The Magistrate Judge concludes that Kvanvig-Garza's testimony concerning R.R.'s outcry was not harmful because R.R. testified and was cross examined at trial. The Court agrees.

The error Rowlett complains of involves application of state substantive law (docket no. 2). At trial, Rowlett's attorney was able to cross-examine R.R. directly and attempt to weaken R.R.'s credibility by impeaching the testimony. Reporter's Record, Vol. III pp. 116–24. It cannot be said Kvanvig-Garza's remarks concerning the outcry denied Rowlett a fundamentally fair trial because the issue of R.R.'s credibility was presented to the jury. Thus, the state court's determination that the trial court did not abuse its discretion is not contrary to and is not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

Rowlett further alleges the trial court abused its discretion in omitting the adoption order from evidence (docket no. 2). He claims the court was in error because the adoption order was relevant to the timing of the sexual abuse, and by omitting the order the jury was prevented from fully considering the issue. *Id.* In reviewing Rowlett's appeal, the court of appeals concluded

8

that the timing of the sexual abuse was before the jury because of the testimony by R.R. and Kvanvig-Garza. *Rowlett*, 2014 WL 1910426 at *4–5. The court subsequently found that excluding the adoption order did not contribute to the verdict and, thus, Rowlett was not prejudiced by the trial court's decision. *Id*. at *5. Rowlett fails to demonstrate that this conclusion was incorrect and that his constitutional rights were harmed. The fact that the jury did not have the adoption order itself did not preclude the jury from considering Rowlett's defense position that the timing of the adoption and related investigation demonstrate that he did not commit the assault. Under the circumstances, the adoption order itself was not material and its exclusion not harmful. Therefore, the state court's determination is not contrary to and is not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

    *3. Trial Judge's Recusal*

Rowlett argues the trial judge erred by failing to recuse himself because the judge was a material witness to R.R.'s adoption proceeding (docket no. 2). Rowlett contends the judge's personal knowledge prejudiced the case and harmed his right to a fair and impartial trial. *Id*. He further asserts the judge's failure to recuse himself caused the court to omit the adoption order Rowlett sought to introduce as evidence to rebut the allegation of sexual abuse. *Id*.

On appeal, the Third Court of Appeals held the recusal issue to be waived because Rowlett's counsel did not raise the question at trial. *Rowlett*, 2014 WL 1910426 at *5. The court explained that Tex. R. Civ. P. 18(a) applies to criminal cases and bars review of judge recusal when the issue is not timely raised at trial. *See id*. (citations omitted). This constitutes a procedural default under the applicable Texas rules. *See* Tex. R. App. P. 33.1.

As Respondent points out, a federal court reviewing state convictions under § 2254(a) cannot overturn a conviction on a procedural default except in limited circumstances (docket no. 13); *see* 28 U.S.C. § 2254(a). Where a state court has explicitly relied upon a procedural bar, federal relief is foreclosed absent a showing of cause for the default and actual prejudice resulting from the default or a miscarriage of justice if the federal court fails to consider the issue. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The state court "must explicitly rely on a state procedural rule to dismiss the petitioner's claims." *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citation omitted).

The court of appeals denied relief on Rowlett's recusal claim without reaching the merits of the issue. *Rowlett*, 2014 WL 1910426 at \*5. The court explained various grounds that may warrant a judge's recusal from a case yet ultimately determined Rowlett preserved no issue on appeal when he failed to object at trial. *See id*. This is clear reliance upon a procedural bar. Further, Rowlett offers no argument or evidence refuting the court's reliance upon a procedural bar. Neither does Rowlett attempt to show cause for the default nor present evidence demonstrating he suffered actual prejudice resulting from the default. In fact, the court of appeals concluded Rowlett did not suffer harm because the ultimate issue, that the timing of the offense was incongruent with R.R.'s adoption, was before the jury. *Id*. Thus, no habeas relief is warranted on this issue.

*4. Ineffective Assistance of Counsel*

A criminal defendant may obtain habeas relief in federal court by demonstrating that counsel's assistance was so defective the Sixth Amendment requires reversal of the conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed, a petitioner must show that his

counsel's performance was deficient and that, because of the deficient performance, petitioner suffered prejudice. *Id*. Deficient performance requires finding that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id*. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. A reviewing court must resist the benefit of hindsight and judge the reasonableness of an attorney's conduct based on the facts of the case at the time of the representation. *Id*. at 689.

However, the question of deficient performance need not be reached if a petitioner cannot demonstrate prejudice as a result of the attorney's conduct. *See id*. at 687. While actual prejudice is not required, a petitioner must show a reasonable probability that, absent the deficient performance, the outcome of the case would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Thus, a criminal defendant may only obtain habeas relief if the reviewing court is convinced the attorney's performance likely resulted in the defendant's conviction. *See id*.

Rowlett asserts his trial counsel's performance was deficient in three ways. First, he claims his counsel was ineffective because his attorney asked Kvanvig-Garza, the expert witness, her opinion regarding the truthfulness of the minor's outcry. Docket no. 2. Rowlett argues no reasonable attorney would have asked such a question because doing so amounts to bolstering an opposing witness. *Id*. Further, Rowlett argues the questioning of a licensed professional on a minor's truthfulness invades the province of the jury and no attorney can offer sound reasoning in doing so as part of the trial strategy (docket no. 19 at 4). When a challenge to an attorney's performance is made, "[w]e must strongly presume . . . that the challenged conduct was the

11

product of reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996) (quoting *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)). Rowlett's trial counsel did not ask Kvanvig-Garza whether she believed the victim's testimony to be truthful in order to bolster the victim's statements. Rather, his questioning attempted to do the opposite, to show that Kvanvig-Garza was unable to assess the victim's credibility and to undermine the victim's credibility. The Court agrees with the Magistrate Judge that Rowlett's assertion inaccurately reflects the record.

Additionally, even if Rowlett could demonstrate his counsel's cross-examination constituted deficient performance, he has not produced evidence to undermine confidence in the trial's outcome. Rowlett's counsel cross-examined R.R. at trial. Reporter's Record, Vol. III pp. 116–24. The question of R.R.'s credibility was before the jury and any questions asked of Kvanvig-Garza regarding R.R.'s credibility were not dispositive to the outcome. Therefore, Rowlett has not proved he suffered prejudice because of his counsel's conduct.

Second, Rowlett claims his counsel was ineffective because his attorney failed to seek the trial judge's recusal from the case (docket no. 2). Rowlett asserts that the trial judge's prior involvement with Rowlett's adoption of R.R. caused the judge to be a material witness in the case such that his counsel should have sought the judge's recusal. *Id.* Rowlett argues the timing of the sexual offense was the "crucial element" of the case and, because the judge was not recused, Rowlett was denied the opportunity to prove the timing of the offense was incongruent with the adoption process. *Id.* The Third Court of Appeals held the issue to be waived and, thus, did not determine whether the failure to seek the trial judge's recusal qualified as defective conduct. *Rowlett*, 2014 WL 1910426 at \*5. Despite this, the court concluded that Rowlett

suffered no prejudice because Rowlett still presented his argument to the jury through testimony. *Id*. The court stated the issue did not contribute to the verdict or harm Rowlett's case. *Id*. Rowlett has not offered any evidence disputing the conclusion. Therefore, even if Rowlett's counsel committed error by failing to move to recuse the trial judge, Rowlett suffered no prejudice and is not entitled to relief under the Sixth Amendment.

Third, Rowlett claims his counsel was ineffective because his attorney failed to represent him at a bond hearing. *Id*. Rowlett cites no federal authority explaining that an attorney's failure to make an appearance at a bond proceeding warrants habeas relief. The Magistrate Judge concluded that this issue is moot because, regardless of any error related to the bond hearing, Rowlett is now in custody pursuant to his conviction. Rowlett filed no objections to this conclusion and the Court finds it is not clearly erroneous.

## CONCLUSION

The Court ACCEPTS the Magistrate Judge's recommendation (docket no. 14). Petitioner Rickey Rea Rowlett's application for Writ of Habeas Corpus (docket no. 1) is DENIED. A certificate of appealability is DENIED.

The Clerk's Office is instructed to close the case.

It is so ORDERED.

SIGNED this 15th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE